IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JIMMY L. ROGERS )
)
    Plaintiffs, ) No. 3:09-0821
) JUDGE HAYNES
v. )
)
WARDEN RICKY BELL, ET. AL., )
)
    Defendants. )

MEMORANDUM

Plaintiff Jimmy L. Rogers, a state inmate, filed this action under 42 U.S.C. §1983, against the Defendants: George Little, Commissioner, Tennessee Department of Correction ("TDOC"); Ricky Bell, Warden, Riverbend Maximum Security Institution ("RMSI"); Rhoda Abele, RMSI food service steward; Robert Mosley, RMSI corrections officer; and Sandra Hall[1], RMSI unit manager, in their individual and official capacities. Plaintiff's claims are, in essence: (1) that the Defendants transferred him to administrative segregation from the RMSI prison population without due process of law; (2) that Mosley made unlawful verbal threats against him, and; (3) that Defendant Abele defamed him.

Before the Court is the Defendants' motion to dismiss or for summary judgment (Docket Entry No. 67), contending, in sum: (1) that Plaintiff's transfer to administrative segregation fails to state a claim; (2) that Defendants Bell and Little lacked sufficient personal involvement for section 1983 liability; (3) that Defendant Moseley's alleged verbal threats are insufficient to state a section 1983 claim; (4) that given Plaintiff's status as a convicted inmate, Plaintiff's state defamation claim against Abele fails to state a claim as a matter of law; and (5) that the Eleventh

---

[1] Plaintiff identifies the unit manager as "Vicki Hall" in his complaint, but Defendants identify her as "Sandra Hall." (Docket Entry No. 30, Answer).

1

Amendment bars Plaintiff's damages claims against the Defendants in their official capacities. Plaintiff has not responded to the Defendants' motion for summary judgment.

## A. Findings of Fact[2]

On January 19, 2009, Plaintiff reported to work at RMSI's kitchen. (Docket Entry No. 69, Defendants' Statement of Undisputed Material Facts, at ¶ 1). Plaintiff was crying and very distraught and Captain Wright, the Shift Commander placed Plaintiff in the infirmary and later, in a cell pending an investigation. Id. at ¶¶ 1-6. Plaintiff was segregated for investigative reasons, not punitive reasons. Id. at ¶ 7. On January 21, 2009, Valerie Hampton, an RMSI investigator, interviewed Plaintiff about his despondent behavior and Plaintiff informed Hampton that he was having an inappropriate relationship with Abele, a civilian employee in RMSI's kitchen. Id. at ¶¶ 8-9. Plaintiff also provided Hampton with a written statement, outlining his alleged relationship with Abele. Id. at ¶ 10. Hampton interviewed Abele, who denied Rogers's statement about his relationship with her. Id. at ¶¶ 12-16.

On January 23, 2009, Hampton informed Plaintiff that she could not substantiate his allegations about his relationship with Abele and advised him that he would be placed on protective custody and could not return to his housing unit or to the kitchen given his allegations about Abele. Id. at ¶¶ 16-17.

On February 2, 2009, a RMSI administrative panel held a protective services hearing and recommended that Plaintiff be transferred to the general population at another TDOC prison. Id.

---

[2] Upon a motion for summary judgment, the factual contentions are viewed in the light most favorable to the party opposing the motion for summary judgment. Duchon v. Cajon Co., 791 F.2d 43, 46 (6th Cir. 1986). As discussed infra, upon the filing of a motion for summary judgment, the opposing party must come forth with sufficient evidence to withstand a motion for directed verdict, Anderson v. Liberty Lobby, 477 U.S. 242, 247-52 (1986), particularly where there has been an opportunity for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Court concludes that there are not any material factual disputes. Defendants filed a statement of undisputed facts (Docket Entry No. 69). Plaintiff did not respond to Defendants' statement of undisputed facts. Accordingly, Defendants' statements of fact are deemed undisputed for summary judgment purposes. Thus, this section constitutes findings of fact under Fed. R. Civ. P. 56(d).

2

at ¶ 18. According to Hampton, Plaintiff was not placed in administrative segregation, but was placed in a cell, pending his transfer to another institution for his own safety. Id. at ¶¶ 19-21. Plaintiff's classification status remained unchanged and he was not charged with solicitation of RMSI staff. Id. at ¶ 22. On February 13, 2009, Plaintiff was transferred to Hardeman County Correctional facility. Id. at ¶ 24.

Sandra Hall investigated Plaintiff's grievance that Mosley made threats to Plaintiff's personal safety, but could not substantiate Plaintiff's claims. Id. at ¶¶ 26-29.

## B. Conclusions of Law

"The very reason of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Advisory Committee Notes on Rule 56, Federal Civil Judicial Procedure and Rules (West Ed. 1989). Moreover, "district courts are widely acknowledged to possess the power to enter summary judgment sua sponte, so long as the opposing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Accord, Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court explained the nature of a motion for summary judgment:

> Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

3

> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 247-48 (emphasis in the original and added in part). Earlier the Supreme Court defined a material fact for Rule 56 purposes as "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted).

A motion for summary judgment is to be considered after adequate time for discovery. Celotex Corp. v. Catrett, 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where there has been a reasonable opportunity for discovery, the party opposing the motion must make an affirmative showing of the need for additional discovery after the filing of a motion for summary judgment. Emmons v. McLaughlin, 874 F.2d 351, 355-57 (6th Cir. 1989). But see Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir. 1989).

There is a certain framework in considering a summary judgment motion as to the required showing of the respective parties as described by the Court in Celotex

> Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. . . . [W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim.

Celotex, 477 U.S. at 323 (emphasis deleted).

As the Court of Appeals explained, "[t]he moving party bears the burden of satisfying Rule 56(c) standards." Martin v. Kelley, 803 F.2d 236, 239, n. 4 (6th Cir. 1986). The moving party's burden is to show "clearly and convincingly" the absence of any genuine issues of

4

material fact. Sims v. Memphis Processors, Inc., 926 F.2d 524, 526 (6th Cir. 1991)(quoting Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986)). "So long as the movant has met its initial burden of 'demonstrating the absence of a genuine issue of material fact,' the nonmoving party then 'must set forth specific facts showing that there is a genuine issue for trial.'" Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989) (quoting Celotex and Rule 56(e)).

Once the moving party meets its initial burden, the Court of Appeals warned that "[t]he respondent must adduce more than a scintilla of evidence to overcome the motion [and]. . . must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)(quoting Liberty Lobby). Moreover, the Court of Appeals explained that

> The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.'

Street, 886 F.2d at 1480 (cites omitted). See also Hutt v. Gibson Fiber Glass Products, No. 89-5731 (6th Cir. filed September 19, 1990) ("A court deciding a motion for summary judgment must determine 'whether the evidence presents a sufficient disagreement to require a submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." quoting Liberty Lobby)).

If both parties make their respective showings, the Court then determines if the material factual dispute is genuine, applying the governing law.

> More important for present purposes, <u>summary judgment will not lie if the dispute about a material fact is 'genuine' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.</u>

5

* * *

>  Progressing to the specific issue in this case, we are convinced that <u>the inquiry involved in a ruling on a motion for summary judgment or for a directed verdict necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits</u>. If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, <u>the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented</u>. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. <u>The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict -- `whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed.'</u>

<u>Liberty Lobby</u>, 477 U.S. at 248, 252, 106 S. Ct. 2505, 91 L.Ed.2d at 211-212, 214 (citation omitted and emphasis added).

It is likewise true that

> [I]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. It has been stated that: `The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute. . . .'

<u>Bohn Aluminum & Brass Corp. v. Storm King Corp.</u>, 303 F.2d 425, 427 (6th Cir. 1962) (citation omitted). As the Court of Appeals stated, "[a]ll facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion." <u>Duchon v. Cajon Company</u>, 791 F.2d. 43, 46 (6th Cir. 1986) <u>app.</u> 840 F.2d 16 (6th Cir. 1988) (unpublished opinion) (citation omitted).

The Court of Appeals further explained the District Court's role in evaluating the proof on a summary judgment motion

> A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim. Rule 56 contemplates a

6

limited marshalling of evidence by the nonmoving party sufficient to establishing a genuine issue of material fact for trial. This marshalling of evidence, however, does not require the nonmoving party to "designate" facts by citing specific page numbers. Designate means simply "to point out the location of." <u>Webster's Third New InterNational Dictionary</u> (1986).

Of course, the designated portions of the record must be presented with enough specificity that the district court can readily identify the facts upon which the nonmoving party relies; but that need for specificity must be balanced against a party's need to be fairly apprised of how much specificity the district court requires. This notice can be adequately accomplished through a local court rule or a pretrial order.

<u>InterRoyal Corp. v. Sponseller</u>, 889 F.2d 108, 111 (6th Cir. 1989) <u>cert. denied</u> 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). Here, the parties have given some references to the proof upon which they rely. Local Rule 8(b)(7)(A) and (C) require a showing of undisputed and disputed facts.

In <u>Street</u>, the Court of Appeals discussed the trilogy of leading Supreme Court decisions, and other authorities on summary judgment and synthesized ten rules in the "new era" on summary judgment motions

1. Complex cases are not necessarily inappropriate for summary judgment.

2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.

3. The movant must meet the initial burden of showing `the absence of a genuine issue of material fact' as to an essential element of the non-movant's case.

4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a directed verdict motion is the same: `whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that the party must prevail as a matter of law.'

6. As on federal directed verdict motions, the `scintilla rule' applies, <u>i.e.</u>, the respondent must adduce more than a scintilla of evidence to overcome the motion.

7

7.  The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.

8.  The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'

9.  The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

10. The trial court has more discretion than in the 'old era' in evaluating the respondent's evidence. The respondent must 'do more than simply show that there is some metaphysical doubt as to the material facts.' Further, '[w]here the record taken as a whole could not lead a rational trier of fact to find' for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is 'implausible.

Street, 886 F.2d at 1479-80.

The Court has distilled from these collective holdings four issues that are to be addressed upon a motion for summary judgment: (1) has the moving party "clearly and convincingly" established the absence of material facts?; (2) if so, does the plaintiff present sufficient facts to establish all the elements of the asserted claim or defense?; (3) if factual support is presented by the nonmoving party, are those facts sufficiently plausible to support a jury verdict or judgment under the applicable law?; and (4) are there any genuine factual issues with respect to those material facts under the governing law?

As to Plaintiff's transfer from RMSI to the Hardeman County Correctional facility, in Meachum v. Fano, 427 U.S. 215 (1976), the Supreme Court held that objections to intrastate prison transfers failed to state a claim under §1983:

> Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all…[h]olding that arrangements like this are within reach of the procedural protections of the Due

8

> Process Clause would place the Clause astride the day-to-day functioning of state prisons and involve the judiciary in issues and discretionary decisions that are not the business of federal judges. We decline to so interpret and apply the Due Process Clause. The federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States.

Id. at 228-29 (citation omitted). In a companion decision, the Supreme Court explained:

> As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him <u>and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight</u>. The Clause does not require hearings in connection with transfers whether or not they are the result of the inmate's misbehavior or may be labeled as disciplinary or punitive.

Montanye v. Haymes, 427 U.S. 236, 242 (1976) (emphasis added).

In Tennessee, state and county correction officials are authorized under state law to contract on housing state prisoners. See Tenn. Code Ann. § 41-8-103, et seq. Because state law contemplates a state prisoner's possible confinement at a prison, there is no basis for a section 1983 claim on prison transfers as a general rule. See Snider v. Thomas, 3:88-0092 (M.D. Tenn. Order filed March 21, 1988) (Order adopted Report and Recommendation). As such, Plaintiff's transfer does not state grounds upon which relief can be granted.

The undisputed facts are that Plaintiff was not placed in administrative segregation. (Docket Entry No. 69 at ¶ 19-22). In any event, Plaintiff's short three week placement in protective segregation alone is insufficient to be actionable as a due process claim. Lee v. Austin, No. 95-1399, 1996 WL 153918 (6th Cir. Apr. 2, 1996). Thus, Plaintiff's due process claim cannot support a judgment against any defendants.

As to Plaintiff's remaining section 1983 claims, Plaintiff cannot recover damages against any Defendants in their official capacities. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989). For Plaintiff's claim against Moseley, "[v]erbal harassment or idle threats are

9

generally not sufficient to constitute an invasion of an inmate's constitutional rights." Clark v. Turner, 103 F.3d 128, No. 96-3265, 1996 WL 721798 (6th Cir. Dec. 13, 1996); Emmons v. McLaughlin, 874 F.2d 351, 353 (6th Cir. 1989). As to Plaintiff's state law claim against Abele, without a viable federal claim, the Court lacks jurisdiction over Plaintiff's state law claim. Wal-Juice Bar, Inc. v. Aleut, 899 F.2d 1502, 1504 (6th Cir. 1990).

For these reasons, the Court concludes that the Defendants' motion to dismiss or for summary judgment (Docket Entry No. 67) should be granted.

An appropriate Order is filed herewith.

**ENTERED** this the 10th day of November, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge